**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

AARON PETERSON,

                      Plaintiff,

      v.                                 No. 9:22-CV-0212
                                             (BKS/CFH)
J. CROWE, W. DUNDON, MITCHELL,
and FERGUSON,

                      Defendants.

---

**APPEARANCES:**                          **OF COUNSEL:**

AARON PETERSON
18-B-2848
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, New York 1205
Plaintiff, pro se

HON. LETITIA JAMES                AIMEE COWAN, ESQ.
New York State Attorney General     Asstistant Attorney General
300 South State Street - Suite 300
Syracuse, New York 13202
Attorney for Defendants

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

Pro se plaintiff Aaron Peterson ("Peterson" or "Plaintiff") commenced this action

pursuant to the Civil Rights Act, 42 U.S.C. § 1983.  Dkt. No. 1 ("Compl.").  Plaintiff alleges

that Defendants -- who at all relevant times, were employed at Marcy Correctional Facility

(Marcy C.F.") -- violated his constitutional rights under the Eighth Amendment and New

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C.
§ 636(b) and N.D.N.Y.L.R. 72.3(c).

York state law. *See generally* Compl. Presently pending before the Court is Defendants' Motion to Dismiss pursuant to Rule 41(b)of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Dkt. No. 48. For the following reasons, it is recommended that Defendants' motion be granted.

## I.  BACKGROUND

On March 4, 2022, Peterson, who was an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Five Points Correctional Facility, commenced this action by filing a complaint, which was accompanied by an application to proceed in forma pauperis ("IFP"). See Compl.; Dkt. No. 2. On April 13, 2022, Chief District Court Judge Brenda K. Sannes granted Peterson's IFP application and, upon initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), directed defendants Correctional Officer J. Crowe ("Crowe"), Sergeant Ferguson ("Ferguson"), Correctional Officer William DunDon ("DunDon"), and Correctional Officer Bruce Mitchell (Mitchell") to respond to the Eighth Amendment claims and state law assault and battery claims. See Dkt. No. 6.

On June 15, 2022, Crowe, DunDon, and Ferguson filed an answer. See Dkt. No. 21. On June 15, 2022, the undersigned issued a Mandatory Pretrial Discovery and Scheduling Order, which set discovery and motion deadlines. Dkt. No. 22.

On September 16, 2022, Peterson filed a Notice of Change of Address indicating that his new address was Coxsackie Correctional Facility ("Coxsackie C.F."). See Dkt. No. 31. The notice was executed and dated September 13, 2022. Id.

On December 29, 2022, Mitchell filed an answer. See Dkt. No. 42. On January 4, 2023, the Court issued an Order extending the pretrial deadlines. See Dkt. No. 43. A copy

of the Court's Order was mailed to Peterson's updated address.  See id.  On January 13,

2023, the mail was returned with the envelope marked, "return to sender - released 12-21-

22."  See Dkt. No. 45.

On February 7, 2023, the Court issued the following Order:

> Plaintiff's last known address, and address currently listed on the Docket Report for this action is Coxsackie Correctional Facility. A search of the Inmate Information Database maintained by the New York State Department of Corrections and Community Supervision, using plaintiff's Department ID Number (18-B-2848), reveals that plaintiff was discharged from DOCCS' custody on 12/21/22. See N.Y.S. DOCS Inmate Population Information Search website at http://nysdocslookup.docs.state.ny.us (last visited Feb. 6, 2023). Under this court's rules, an unrepresented litigant is under a duty to inform the court of any address changes IN WRITING. See N.D.N.Y.L.R. 10.1(c)(2). The Court expressly informed plaintiff of this requirement in the April 2022 Decision and Order. Dkt. No. 6 at 15 ("Plaintiff is also required to promptly notify the Clerks Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action.") (emphasis in original). For the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the court informed of address changes. Consequently, plaintiff is advised that he must file a change of address within THIRTY DAYS, and he must continue to submit any address changes to the court as long as his action is pending. Plaintiff is advised that his failure to notify the Court of a change of address in accordance with L.R. 10.1(c)(2) may result in the dismissal of the action without further order of the Court. See N.D.N.Y. L.R. 41.2(b).

Dkt. No. 46.  A copy of the Order was mailed to Peterson's last known address by regular

mail.  See id.  On February 13, 2023, the mail was returned with the envelope marked,

"released."  See Dkt. No. 47.

On March 8, 2023, Defendants filed a Motion to Dismiss.  Dkt. No. 48.  Plaintiff's

response was due on April 5, 2023.  Id.  On April 10, 2023, Plaintiff called the Court and

spoke to a Court clerk.  Plaintiff confirmed that he was released from DOCCS' custody in

December and indicated he intended to file a change of address.  The Court clerk mailed a

copy of the docket report to the address Plaintiff provided over the telephone.  To date, the

Court has not received any submission or correspondence from Plaintiff.

## II.  DISCUSSION[2]

Fed. R. Civ. P. 41(b) provides that the Court may, in its discretion, order dismissal of an

action based upon a plaintiff's failure to prosecute or comply with an order of the court.  See

Fed. R. Civ. P. 41(b); Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014); Rodriguez v.

Goord, No. 9:04-CV-0358 (FJS/GHL), 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007).

The Court's discretion should be exercised when necessary to "achieve the orderly and

expeditious disposition of cases."  Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962).

In addition, it should be exercised with caution and restraint because dismissal is a

particularly harsh remedy, especially when invoked against a pro se plaintiff.  See Baptiste,

768 F.3d at 216-17.  To that end, a determination of whether to dismiss an action pursuant

to Rule 41(b) is informed by consideration of the following five specific factors:

> (1) the duration of the plaintiff's failure to comply with the court order,
>
> (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal,
>
> (3) whether the defendants are likely to be prejudiced by further delay in the proceedings,
>
> (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be

---

[2]  All unpublished cases cited in this Report-Recommendation and Order have been provided to plaintiff, unless otherwise noted.

heard, and

(5) whether the judge has adequately considered a sanction
less drastic than dismissal.

Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citing Jackson v. City of New York, 22 F.3d

71, 74 (2d Cir. 1994); Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932

(2d Cir. 1988)).  In general, "no one factor is dispositive."  Shannon v. Gen. Elec. Co., 186

F.3d 186, 194 (2d Cir. 1999) (internal quotation marks and citation omitted).  "When

imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may

be without prejudice if so specified by the court imposing it."  Lyell Theatre Corp. v. Loews

Corp., 682 F.2d 37, 43 (2d Cir. 1982) (quoting Fed. R. Civ. P. 41(b)).

     As to the duration of Plaintiff's failure to comply, this factor weighs in favor of dismissal.

The complaint was filed in March 2022.  As such, more than one year has elapsed since

the filing of the action, yet discovery has not been completed.  The last submission that the

Court received from Plaintiff was on October 3, 2022.  See Dkt. No. 34.  Plaintiff has failed

to communicate with the Court or defense counsel for six months.  Although there is no

bright-line rule setting forth a duration of a plaintiff's failure to communicate that would

warrant dismissal, courts have generally found six months of no communication weighs in

favor of dismissal.  See McKnight v. Ferrick, No. 9:16-CV-0957 (TJM/DEP), 2017 WL

3172794, at *3 (N.D.N.Y. June 30, 2017) (finding that the failure to communicate in "nearly

six months, weighs in favor of dismissal") report and recommendation adopted, 2017 WL

3172421 (N.D.N.Y. July 25, 2017); see Mayer v. Clinton County, No. 9:17-CV-905

(GLS/CFH), 2020 WL 5536800, at *5 (N.D.N.Y. Aug. 7, 2020) (citations omitted) (collecting

cases supporting dismissal where the plaintiff did not appear or communicate with a court

5

for four, five, or "more than six months[]"), <u>report</u> <u>and</u> <u>recommendation</u> <u>adopted</u> <u>sub</u> <u>nom</u>.

<u>Mayer v. Liberty</u>, 2020 WL 5531543 (N.D.N.Y. Sept. 15, 2020).  Moreover, despite failing to

update his address, Plaintiff is clearly aware of the pending motion.  As discussed <u>supra</u>,

Plaintiff contacted the Court on April 10, 2023, and spoke with a clerk.  He was aware of his

duty to update the Court of a change in address in writing.  Although three weeks have

elapsed, Plaintiff has not filed a change of address or opposition to the motion.  Plaintiff has

also failed to seek additional time to respond or further demonstrate that he intends to

prosecute this case.  Thus, this factor weighs in favor of dismissal.

   Next, as to whether Plaintiff was on notice that his failure to comply with court orders

would result in dismissal, the Court warned Plaintiff that failure to notify the Court and

Defendants of any change in his address *in writing* would result in dismissal of his case.

<u>See</u> Dkt. No. 6 at 15.  When mail was returned to the Court as "undeliverable," the Court

attempted to warn Plaintiff on February 7, 2023, that his failure to file a change of address

could result in dismissal of his case.   <u>See</u> Dkt. No. 46.  Plaintiff did not, however, receive

this notice because the mail was returned as undeliverable.  <u>See</u> Dkt. No. 47.  Plaintiff's

failure to receive the February 2023 notice was due to his own failure to update his address

with the Court; thus, dismissal is appropriate based on this and the other factors discussed

herein.  <u>See</u> <u>Bottom v. Cooper</u>, No. 03-CV-6493L, 2005 WL 2496052, at *1 (W.D.N.Y. Oct.

7, 2005) (granting the defendants' motion to dismiss where the "[p]laintiff has taken no

steps to prosecute this case in nearly a year. The Court's attempt to warn [the] plaintiff that

this action was subject to dismissal has been thwarted by [the] plaintiff's own failure to keep

the Court apprised of his address as required by the local rules.").

   As to the third factor, Defendants argue that they would be prejudiced by further delay

because (1) "the incident that is the subject of this lawsuit occurred nearly three years ago," and (2) all documents Defendants intend to use in their defense "were returned to [counsel's] office"; therefore, discovery has not been completed.  Dkt. No. 48-2 at 10.

"Prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable."  U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 256 (2d Cir. 2004) (citing Lyell Theatre Corp. v. Loews Corp., 682 F.3d 37, 43 (2d Cir. 1982)).  "In cases where 'delay is more moderate or excusable, the need to show actual prejudice is proportionally greater.'"  Id. (quoting Lyell Theatre Corp., 682 F.3d at 43).  "Where a plaintiff has become inaccessible for months at a time, courts presume prejudice."  Caussade v. United States, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (collecting cases) (citations omitted).

Here, Plaintiff failed to comply with multiple Court orders, despite warnings that his failure to comply would risk dismissal.  Plaintiff's actions unreasonably delayed the case such that prejudice to Defendants can be presumed.  See Shannon, 186 F.3d at 195.  Morever, witnesses' and parties' recollection of these events have likely faded and will continue to fade.  See Georgiadis v. First Bos. Corp., 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("[t]he passage of time always threatens difficulty as memories fade").  Since Plaintiff has failed to produce any discovery, access to relevant discovery would be impacted by additional delay, including further delay in the parties' abilities to locate witnesses and preserve evidence.  See Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000) (finding that the defendants' inability to depose the plaintiff "makes it difficult, if not impossible, [for the defendants] to defend the lawsuit" and weighs in favor of Rule 41(b)

dismissal). Further, this action has been pending since March 2022 and concerns an event that allegedly occurred in April 2020. See generally Compl. Thus, even if prejudice were not presumed, Defendants have still been prejudiced by Plaintiff's delays as the amount of time that has passed since the occurrence of the alleged incident makes it more difficult to access evidence. See Shannon, 186 F.3d at 195. Therefore, this factor weighs in favor of dismissal.

The fourth factor addresses the balance between the Court's interest in functioning efficiently, and the plaintiff's interest in having an opportunity to be heard. See Lucas, 84 F.3d at 535 (internal citations omitted). Plaintiff's action has been pending for fourteen months. See Compl. The undersigned concludes that "[p]laintiff's continu[ed] failure to comply with court orders [or] participate in discovery has significantly delayed the resolution of this matter, thereby contributing to the Court's congestion." Perez v. Wallace, No. 1:15-CV-240 (GTS/CFH), 2016 WL 2865737, at *3 (N.D.N.Y. Apr. 11, 2016).

Finally, as to whether there are other less drastic sanctions to dismissal, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record[.]" S. New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 148 (2d Cir. 2010) (citation omitted). Further, "[c]ourts consistently find that dismissal is the only adequate remedy for failure to prosecute where a plaintiff cannot be contacted because the plaintiff would be unaware of any lesser sanction that could be imposed." Caussade, 293 F.R.D. at 631 (collecting cases) (citations omitted). The undersigned is cognizant of Plaintiff's pro se status; however, lesser sanctions are unlikely to be successful in motivating Plaintiff to participate in this action as the Court has been unable to establish contact with him, and he appears uninterested in prosecuting this

8

case.  See Jackson v. United States, No. 8:17-CV-1157 (MAD/CFH), 2020 WL 109009, at

*5 (N.D.N.Y. Jan. 9, 2020) (determining that lesser sanctions were not appropriate because

the plaintiff "repeatedly failed to update the Court with regards to obtaining new counsel[,]"

"failed respond to the motion currently before the Court[,]" and failed "to attend

Court-ordered telephone conferences.").  As such, this factor weighs in favor of dismissal.

    After careful consideration of the relevant factors, the undersigned concludes that

dismissal of Plaintiff's complaint is warranted under Rule 41(b).  Accordingly, it is

recommended that Defendants' motion to dismiss be granted and Plaintiff's complaint be

dismissed without prejudice.  See Nelson v. VanHoesen, No. 9:20-CV-258 (GLS/CFH),

2022 WL 605741, at *4 (N.D.N.Y. Feb. 1, 2022) (recommending dismissal of the pro se

plaintiff's complaint without prejudice for failure to prosecute where the plaintiff could not be

reached at the address provided), report and recommendation adopted, No. 9:20-CV-258

(GLS/CFH), 2022 WL 602651 (N.D.N.Y. Mar. 1, 2022); Jones v. Hawthorne, No.

9:12-CV-1745 (GTS/RFT), 2014 WL 2533166, at *2 (N.D.N.Y. June 5, 2014) (dismissing

the pro se plaintiff's complaint without prejudice where the plaintiff had been released from

DOCCS custody and failed to provide the Court with an updated address or communicate

with the Court for ten months).  "When imposed, the sanction of dismissal 'operates as an

adjudication [on] the merits,' but may be without prejudice if so specified by the court

imposing it."  Lyell Theatre Corp, 682 F.2d at 43.

### III.  CONCLUSION

    **WHEREFORE**, for the reasons stated herein, it is hereby

    **RECOMMENDED**, that Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b)

(Dkt. No. 48) be **GRANTED**, and Plaintiff's complaint (Dkt. No. 1) be **DISMISSED without prejudice**; and it is

    **ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with the Local Rules.

    Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c)), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED R. CIV. P. 6(a), 6(e), 72.4.[3]

**IT IS SO ORDERED.**

Dated: May 9, 2023
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[3]   If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections. See FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. See id. § 6(a)(1)(C).